† HAYFORD & al., *in Equity, versus* DYER.

The equity powers of the Court are defined and limited by express statute provisions.

A case presented, not falling within those provisions, must be dismissed.

IN EQUITY.

ON BILL, ANSWER AND PROOF.

The substance of the bill is stated in the opinion of the Court, drawn up by—

RICE, J. — From the bill and proofs, it appears that Ebenezer Dyer, by deed dated Nov. 29, 1834, conveyed certain lands situate in Steuben and Harrington, to his sons, Henry Dyer and Eben S. Dyer, and at the same time transferred to Henry Dyer his personal property, with the understanding that the sons were to pay the debts of the grantor, and to support him and his wife during their natural lives. At that time Eben S. Dyer, the defendant, was a minor. Henry at the same time gave his father a bond for the faithful performance of this agreement, which bond has been lost. The debts of the father were paid by Henry, and the father and mother supported during their lives. Both Henry and Eben S. continued to labor upon the homestead, until after the decease of their parents, since which time the homestead has been divided between them.

On the 29th of August, 1835, Henry conveyed by deed of warranty to Lyman Morse, of Newmarket, N. H., a portion of the land in Harrington, which had been conveyed to him and the defendant, for the sum of fifteen hundred dollars. Eben S. still being a minor, did not join in this deed, nor does it appear that he in any way participated in the contract with Morse, though the evidence shows that Henry conferred with him about the sale, and that he then verbally assented to it, and at different times, after he came of age, he declared that he was satisfied with the transaction. It is alleged in the bill, and some of the evidence tends to support the allegations, that the money received from the sale of this land, was appropriated by Henry in payment of the debts of his father. This point, however, is controverted, and is not clearly established.

The defendant has recently instituted proceedings to recover possession of one undivided half of the land conveyed by the deed of Henry to Morse, above referred to. The plaintiffs, who claim under mesne conveyances and assignments from Morse, now pray this Court to compel the defendant to execute a deed of release to them, or some other person for their benefit, of the lands conveyed by Henry Dyer to said Morse.

This Court has not general chancery powers. It has the power, however, under the statute, to compel the specific performance of contracts in writing, made since February 10th, 1818. But there was no contract in this case between the defendant and any party under whom the plaintiffs claim, either in writing or by parol.

There is in the bill no allegation of fraud, trust, accident or mistake, which would give this Court jurisdiction, nor does the evidence disclose any ground for such obligations.

Besides, Morse had a plain and adequate remedy at law, on his covenants of warranty, in his deed from Henry Dyer. Those covenants run with the land, and, before they were released, were available to the plaintiffs.

On a careful examination of this case, and full considera-

tion of the very elaborate argument of the counsel for the plaintiffs, we have been unable to perceive any ground on which this bill can be sustained. *Bill dismissed.*

*W. Freeman & W. Fessenden*, for plaintiffs.

*Walker*, for defendant.